JULIUS M. KAYCOFF, RELATOR, v. WILLIAM T. KALTEN-
BACH, BUILDING INSPECTOR OF THE CITY OF ELIZA-
BETH, DEFENDANT.

Submitted June 9, 1925—Decided October 1, 1925.

**Zoning—Stores in Residence District—Case Within Rule in Ig-
naciunas v. Risley—Defendant's Contention That Since Re-
lator Was Refused Permission by Board of Adjustment, After
Having Been Refused by Inspector, He Had Lost His Rem-
edy by Mandamus, Unsound—Obvious Purpose of Creation
of Board Was to Make Special Exceptions and Present Pro-
ceeding is Not on the Theory That a Special Exception is
Desirable, But That the Attempted Restriction of Relator's
Property is Unlawful.**

On rule to show cause why *mandamus* should not issue.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Michael H. Feldman.*

For the defendant, *Joseph T. Hague.*

PER CURIAM.

This rule directs the building inspector of the city of
Elizabeth to show cause why a writ of *mandamus* should not
issue commending him to issue a permit to relator for the
erection of a two and one-half story frame dwelling for stores
and dwellings at the corner of Summer street and Grier
avenue, in Elizabeth.

The return discloses that the relator, being the owner of
a plot of land at the southerly corner of Summer street and
Grier avenue, and known on the tax maps as Nos. 722, 724,
726, 728 Summer street, Elizabeth, New Jersey, desiring to
construct a building thereon, prepared plans disclosing a two
and one-half story frame building, of which the first or
ground floor was to be occupied by two stores and rooms in
the rear thereof, and the second floor laid out as living quar-

ters for two tenants; that the sole reason the permit was refused was because the city of Elizabeth has adopted a zoning ordinance, under which the premises of the relator are placed in "Residence District B," in which district stores are not permitted. There being nothing before the court to show the building of the character contemplated by the relator to be against public health, safety or public welfare, the case falls squarely within the principle laid down in *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712; *affirmed*, 2 *N. J. Adv. R.* 853; *Holding Corp.* v. *Hague*, 2 *N. J. Mis. R.* 75; *Plaza Apartment* v. *Hague, Id.* 76; *Huppert* v. *Hague, Id.* 348; *Realty and Construction Co.* v. *Jelleme, Id* 356; *White* v. *Bower, Id.* 357; *King* v. *Favier, Id.* 358; *Hench* v. *East Orange, Id.* 510; *State* v. *Bigelow, Id.* 711.

But the defendant contends that because the relator, after the inspector's refusal, "petitioned" the board of adjustment, established in the city pursuant to chapter 146 of laws of 1924, and was again refused permission, he has lost his remedy by *mandamus*, which he is now pursuing. We think not. The obvious purpose of the act of 1924 was to confer upon the board of adjustment power to, "in appropriate cases and subject to appropriate conditions and safeguards, *make special exceptions to the terms of the ordinance*," &c.

The present proceeding proceeds, not upon the theory that a *special exception* is desirable and justified, but upon the assumption of the position, which is well taken, that the attempted restriction affecting relator's property is unlawful.

A writ of peremptory *mandamus* will be awarded. If an appeal is desired, an application for an order to mould the pleadings will be entertained.